Chen v. Holder

BIA
A 073 543 516

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of April, two thousand ten.

PRESENT:
> DENNIS JACOBS,
>> *Chief Judge*,
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
>> *Circuit Judges*.

_____

SHUN GUAN CHEN,
> *Petitioner*,

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

09-0805-ag

NAC

FOR PETITIONER:     Yu Zhang, New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General, Civil Division; Mark C. Walters, Senior Litigation Counsel; Glen T. Jaeger, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Shun Guan Chen, a native and citizen of the People's Republic of China, seeks review of a January 30, 2009, order of the BIA denying his third motion to reopen. *In re Shun Guan Chen*, No. A 073 543 516, (B.I.A. Jan. 30, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien may only file one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, the time and number limitations do not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

Here, the BIA did not abuse its discretion in denying Chen's untimely and number-barred motion to reopen.  As the BIA ruled, adjustment of status is not an exception to the applicable time limitation on motions to reopen.  *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3)(ii); *see also Matter of Yauri*, 25 I. & N. Dec. 103, 105 (BIA 2009) (emphasizing "that untimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen before the Board").  In any event, as the BIA also found, Chen did not submit an application for adjustment of status with his motion, as he was required to do.  8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation").[1]

The BIA also did not abuse its discretion in declining

---

[1] Chen argues that he established his eligibility to apply for adjustment because he submitted a Notice of Action form indicating that his visa petition had been approved; however, that form specifically noted that Chen was not eligible to apply for adjustment of status.

3

to reopen Chen's proceedings in order to consider his eligibility for CAT relief. As the BIA found, he failed to present "any new, previously unavailable evidence demonstrating changed country conditions in China" sufficient to excuse his untimely filing. *See* 8 U.S.C. § 1003.2(c)(3)(ii). Chen submitted: (1) his own affidavit; and (2) a letter regarding his pending I-130 Form from the National Visa Center; but neither the affidavit nor the letter discuss country conditions in China.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk